**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|           Plaintiff, ) | Case No. 2:12-cr-00097-RCJ-VCF |
| vs. ) | **ORDER** |
| RICHARD CARL BROWN, ) | |
|           Defendant. ) | |

      This matter is before the Court on Defendant Richard Carl Brown's ("Brown") Motion for Modification of Conditions of Supervised Release (#26), filed June 29, 2012; Government's Response (#27), filed July 10, 2012; and Defendant's Reply (#28), filed July 19, 2012. It is also before the Court on Defendant's Ex Parte Motion Requesting Motion #26 Be Filed and Heard on Shortened Time (#25), filed June 29, 2012.

## BACKGROUND

      On March 20, 2012, a Federal Grand Jury returned an indictment charging Brown with single counts of Advertising Child Pornography, Transporting Child Pornography, Receipt of Child Pornography, and Possession of Child Pornography, in violation of Title 18, United States Code, Sections 2251(d)(1)(A), 2252A(a)(1), 2252A(a)(2), and 2252A(a)(5)(B). *See* Criminal Indictment (#1). On March 22, 2012, Brown appeared before the undersigned for his initial appearance and detention hearing. The Government sought detention based on the presumption that Brown is a risk of nonappearance and a danger to the community. *See* 18 U.S.C. § 3142(e). Specifically, the Government highlighted the serious nature of the charges and potential sentences that include a fifteen year mandatory minimum sentence for the Advertising count and five year mandatory minimum sentences for the Transporting count and Receipt count. The Court considered the information set forth in the Government's proffer, the information submitted by Brown in response

to the Government's proffer, and the information provided by the Office of Pretrial Services in reaching its determination. Ultimately, the undersigned ordered Brown be released on home incarceration with a prohibition of access to computers and other devices with internet access. *See* PR Bond (#8). By way of this motion, Brown requests that this Court modify his pretrial release condition of home incarceration and replace it with intensive supervision allowing him to exercise at the gym and "take walks in his neighborhood." Def.'s Reply (#28) at 3:9. The Government contends that a less restrictive curfew provision will not reasonably assure his appearance at future court proceedings or the safety of the community.

## DISCUSSION

Title 18, United States Code, Section 3142 of the Bail Reform Act guides courts in fashioning acceptable conditions of pretrial release. One purpose of Section 3142 is to address "the alarming problem of crimes committed by persons on release," by assuring that courts are given "adequate authority to make release decisions that give appropriate recognition to the danger a person may pose to others if released." S.Rep. No. 225, 98th Cong., 1st Sess. at 3 (1983), *reprinted in* 1984 U.S.C. Cong. & Admin. News 3182, 3185. Consequently, Section 3142 requires judicial officers to impose the least restrictive release conditions that will "reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c)(1)(B); *see also United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991). The factors to be considered in determining whether there are appropriate conditions of release that further these aims include: (1) the nature and seriousness of the offense charged, (2) the weight of the evidence, (3) the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drugs and alcohol abuse, and criminal history, and (4) the nature and seriousness of the danger to another person or the community posed by defendant's release. 18 U.S.C. § 3142(g). Pursuant to Section 3142(c)(3), the Court "may at any time amend the order to impose additional or different conditions of release." It is under this authority that Brown requests a modification of the conditions of his pretrial release.

Brown proffers several reasons to justify terminating his home incarceration in favor of a curfew provision with intensive pretrial supervision. First, Brown alleges that there is no evidence

that he molested children, is a pedophile, or participated in child-endangerment activities. Def.'s Reply 2:9-11. However, of the factors to be considered in determining conditions of release, "the weight of the evidence is the least important." 948 F.2d at 1121. The Court gave appropriate consideration to the serious nature of the offenses Brown is charged with in fashioning the least restrictive release conditions. *See United States v. Townsend*, 897 F.2d 989 (9th Cir. 1990) (consideration of the nature of the charges involves consideration of the penalties). The existence and advertisement of child pornography creates the potential for many types of harm to the community that home incarceration is designed to address. Additionally, given the mandatory minimum sentences of the alleged counts, a curfew restriction would not reasonably assure the appearance of Brown at future court proceedings.

Second, Brown alleges that to maintain a healthy weight and relieve pain associated with his back condition he needs to exercise at a gym and go on walks in his neighborhood. The Government contends that Brown can engage in an indoor exercise regimen that would achieve comparable health benefits. It also objects to allowing Brown to engage in outdoor hiking activities as it would be prohibitively difficult for Pretrial Services to monitor him. Brown concedes that he is aware of the reasons why he cannot continue his hiking activities with the 52PeakClub, but requests some latitude to continue his active lifestyle outside of his home. He also notes that exercising at a gym may allow him to earn some income as a personal trainer. The Court is not convinced that accommodating Brown's exercising preferences with a curfew condition would reasonably assure the safety of the community.

Third, Brown cites to his good conduct since being released as justification for a modification. Mere compliance with release conditions is not a sufficient reason to warrant the institution of less restrictive conditions. Further, the Government contends that Brown accessed the internet via an Xbox gaming console. Such activity violates the Court's Order, which prohibits the use of devices with internet access. *See* PR Bond (#8). Although Brown contends that he did not intend to violate the Order, the Court is not persuaded that he will be more cognizant to comply with less restrictive conditions.

Therefore, Brown's arguments in support of modifying his pretrial release condition of

1  home incarceration do not overcome the Court's concerns regarding risk of nonappearance and
2  danger to the community.  By requiring Brown to refrain from leaving his home, the Court imposed
3  the least restrictive condition under Section 3142(c) and no modification is justified at this time.
4      Based on the foregoing and good cause appearing therefore,
5      **IT IS HEREBY ORDERED** that Defendant's Ex Parte Motion Requesting Motion #26 Be
6  Filed and Heard on Shortened Time (#25) is **denied as moot**.
7      **IT IS FURTHER ORDERED** that Defendant's Motion for Modification of Conditions of
8  Supervised Release (#26) is **denied**.
9      DATED this 9th day of August, 2012.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**