**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> RICHARD CARL BROWN, ) <br> ) <br> Defendant. ) <br> ) | Case No.: 2:12-cr-0097-GMN-VCF <br><br> **ORDER** |

Pending before the Court is the Motion in Limine (ECF No. 171) filed by Defendant Richard Carl Brown ("Defendant") to exclude evidence. The Government filed a Response (ECF No. 173), and Defendant filed a Reply (ECF No. 176).

### I. <u>BACKGROUND</u>

On March 20, 2012, a federal grand jury sitting in the District of Nevada returned an Indictment charging Defendant with four counts: (1) Count One, Advertising Child Pornography, in violation of 18 U.S.C. § 2251(d)(1)(A); (2) Count Two, Transporting Child Pornography, in violation of 18 U.S.C. § 2252A(a)(1), (b); (3) Count Three, Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2), (b); and (4) Count Four, Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). (Indictment, ECF No. 1). Defendant proceeded to a five-day jury trial. (*See* ECF No. 87). At the jury trial, a Henderson Police Department detective testified that a search of Defendant's residence uncovered, *inter alia*, a 1.5-terabyte external hard drive containing both "normal" and "hidden" folders. (Mot. in Lim. 2:17–3:1, ECF No. 171). The normal folders included such things as Defendant's family photos and the death certificate of Defendant's father. (*Id.* 9:3–5). The hidden folders were only viewable to users who change the default settings of the hard drive, and they contained

child pornography, along with videos depicting Defendant masturbating and copulating with adult women. (*Id*. 2:23–3:2). The detective also testified that the files were "[h]ighly organized, with each photo, video, and document titled according to a consistent naming convention and placed in specific subfolders." (*Id*. 3:3–5) (internal quotation marks omitted). The jury returned a guilty verdict on all four counts. (Jury Verdict at 2, ECF No. 91). However, the Ninth Circuit vacated the convictions on appeal and remanded the case for a new trial upon finding that Defendant had been denied the right to discharge retained counsel and the right to counsel of his choice. *See United States v. Brown*, 785 F.3d 1337, 1352 (9th Cir. 2015). Defendant is currently set for a new jury trial on June 19, 2018. (ECF No. 188).

In his instant Motion in Limine, Defendant urges the Court to exclude certain evidence that the Government admitted during the original trial: (1) evidence of Defendant's alleged Obsessive Compulsive Disorder ("OCD"); (2) videos depicting Defendant masturbating; (3) statements made by Defendant indicating his attraction to minors; and (4) testimony regarding incest literature authored by Melinda Race ("Race") that was saved on Defendant's computer. (Mot. in Lim. 8:15–14:16, ECF No. 171).

## II. LEGAL STANDARD

### A. Motions in Limine

In general, "[t]he court must decide any preliminary question about whether . . . evidence is admissible." Fed. R. Evid. 104(a). In order to satisfy the burden of proof for Federal Rule of Evidence ("Rule" or "FRE") 104(a), a party must show that the requirements for admissibility are met by a preponderance of the evidence. *See Bourjaily v. United States*, 483 U.S. 171, 175 (1987) ("We have traditionally required that these matters [regarding admissibility determinations that hinge on preliminary factual questions] be established by a preponderance of proof.").

"Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings,

the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing Federal Rule of Evidence 103(c)). In limine rulings "are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *accord Luce*, 469 U.S. at 41 (noting that in limine rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner).

**B. Rules of Evidence**

"Irrelevant evidence is not admissible." Fed. R. Evid. 402. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Under Rule 404(b), evidence of a defendant's prior conviction, wrong, or other act is inadmissible to prove the defendant's character or propensity to commit the charged offenses. *United States v. Vo*, 413 F.3d 1010, 1017 (9th Cir. 2005). However, evidence of a prior act is admissible for non-propensity purposes, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b). Rule 404(b) evidence is admissible if it satisfies a four-part test. *United States v. Montgomery*, 150 F.3d 983, 1000 (9th Cir. 1998). The proponent of the 404(b) evidence must show that the evidence "(1) proves a material element of the offense for which the defendant is now charged, (2) if admitted to prove intent, is similar to the offense charged, (3) is based on sufficient evidence, and (4) is not too remote in time." *Ramirez-Robles*, 386 F.3d at 1242. If the four-part test is satisfied, the evidence is admissible unless "its probative value is

substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403; *United States v. Blitz*, 151 F.3d 1002, 1008 (9th Cir. 1998) (observing that when evidence "satisfies the four-part test, the district court should admit the evidence unless its prejudicial impact substantially outweighs its probative value") (internal quotation marks omitted).

Rule 406 governs the admissibility of habit evidence. "Evidence of a person's habit . . . may be admitted to prove that on a particular occasion the person or organization acted in accordance with the habit or routine practice." Fed. R. Evid. 406. "In deciding whether certain conduct constitutes habit, courts consider three factors: (1) the degree to which the conduct is reflexive or semi-automatic as opposed to volitional; (2) the specificity or particularity of the conduct; and (3) the regularity or numerosity of the examples of the conduct." *United States v. Angwin*, 271 F.3d 786, 799 (9th Cir. 2001), *overruled on other grounds by United States v. Lopez,* 484 F.3d 1186 (9th Cir. 2007). "The burden of establishing that certain conduct qualifies as evidence of habit falls on the party wishing to introduce the evidence." *Id*. at 799.

## III. DISCUSSION

### 1. OCD Evidence

Defendant argues that evidence of his "purported OCD," obtained through his roommates during the first trial, has slight probative value compared to the unfair prejudice, and "other sources of evidence are available to establish his penchant for organization." (Mot. in Lim. 9:18–19, ECF No. 171). He asserts that "the probative value of asking for unfounded speculation about mental illness from lay witnesses is close to zero." (*Id*. 9:1–2). He contends that there was "abundant evidence at the first trial purportedly tying [Defendant] to the hard drive . . . [so] there is arguably no need for the Government to use [Defendant's] alleged character for organization to establish ownership of the hard drive." (*Id*. 9:2–9). However, Defendant explains that "even if the [G]overnment does need to argue this point," it can do so without asserting that Defendant has OCD, by asking the roommates about the specific

characteristics—"organized, neat, or disciplined"—without referencing the mental illness of OCD. (*Id.* 9:10–13).

The Government responds that the OCD evidence is admissible either under Rule 406 as habit evidence, the inextricably intertwined doctrine, or Rule 404(b) non-propensity evidence. (Resp. 5:16–8:24, ECF No. 173). Additionally, the Government argues against the unfair prejudice asserted by Defendant for exclusion under Rule 403 because "OCD is a relatively well-known disorder and typically does not render a person non-functional or debilitated." (*Id.* 9:5–6).

The Court first finds that asking lay witnesses, here Defendant's roommates, to speculate regarding a possible mental health diagnosis for Defendant is inappropriate under Rule 701.[1] In the Government's response, it provides the definition, signs, and symptoms for OCD from the National Institute of Mental Health. (*Id.* 5:9–15). This indicates to the Court that the knowledge and identification of OCD is not proper for a layperson. Further, the Court agrees with Defendant that certain stigmas attach to any mental illness labeling. *Cf. United States v. Curran*, No. CR-06-227-PHX-EHC, 2006 WL 1159855, at *5 (D. Ariz. May 2, 2006) (acknowledging generally that stigmas attach to mental illness). As such, the Court finds that the low probative value of layperson testimony regarding a mental illness evaluation is substantially outweighed by the unfair prejudice, requiring exclusion under Rule 403. Accordingly, the Court will preclude questioning of Defendant's roommates regarding their opinion as to whether Defendant has OCD.[2]

---

[1] Rule 701 states: "If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."

[2] The Court acknowledges that it previously allowed this evidence at the original trial. (Day 3 Trial Tr. 188:19–189:13, ECF No. 121). However, because the appellate court did not consider admissibility of the evidence on appeal, this Court has the discretion to reconsider its previous ruling. *See City of L.A. v. Santa Monica BayKeeper*, 254 F.3d 882, 888–89 (9th Cir. 2001).

However, the Court finds that the underlying characteristics of OCD—"organized, neat, or disciplined"—are appropriate habit evidence under Rule 406. (*See* Mot. in Lim. 9:10–13). Pursuant to Rule 406, testimony by Defendant's roommates stating that Defendant had a particular penchant for organization satisfies the three prongs of the *Angwin* test because: (1) Defendant's organizing of his computer files appears reflexive or semi-automatic, (2) Defendant was particular in his organization, and (3) Defendant regularly demonstrated these characteristics. *See Angwin*, 271 F.3d at 799. Therefore, the Government may ask Defendant's roommates about their perception of his organizational habits.

Accordingly, the Court grants in part and denies in part Defendant's Motion in Limine regarding Defendant's alleged OCD and the underlying characteristics thereof. The Court precludes the questioning of laypeople regarding the mental illness of OCD, but allows the questioning of Defendant's roommates regarding their perception of Defendant's penchant for organization.

**2. Masturbation Videos**

Next, Defendant contends that the videos of him masturbating found in the hidden folders of the hard drive should be excluded because of the highly prejudicial nature of the content. (Mot. in Lim. 8:18–25). In opposition, the Government asserts that the videos are admissible pursuant to FRE 404(b) as they allow for identification in a way that other innocent files in the hard drive do not. (Resp. 10:20–24, 11:1).

The Government may admit evidence of another act if it is inextricably intertwined to the crimes alleged. *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1012 (9th Cir. 1995). Evidence is inextricably intertwined if it "constitutes a part of the transaction that serves as the basis for the criminal charge" or it is "necessary… in order to permit the prosecutor to offer a coherent and comprehensible story regarding commission of the crime." *Id*. Alternatively, evidence that is not inextricably intertwined may still be admitted under FRE 404(b)(2) if it

tends to prove motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or lack of accident. Fed. R. Evid. 404(b)(2). Even if evidence is admissible under Rule 404(b), the Court must still determine if the evidence should nevertheless be excluded because the probative value is substantially outweighed by the unfair prejudice. *See* Fed. R. Evid. 403.

In the instant case, the Government faces a unique burden. The Government cannot merely identify Defendant as the owner of the hard drive, but must also link Defendant to the hidden folders contained within the hard drive. *See, e.g.*, *United States v. Flyer*, 633 F.3d 911, 920 (9th Cir. 2011) (reversing a possession of child pornography conviction because the Government presented no evidence indicating defendant "could recover or view any of the charged images in unallocated space [on a hard drive] or that he even knew of their presence there"). To this effect, the masturbation videos found within the hidden folders offer significant probative value. Explicit videos of Defendant found within the hidden folders show identity in a way that family photos and the death certificate of Defendant's father located in the normal folders cannot because they can connect Defendant to the hidden folders and demonstrate that the files contained therein were intended to be sexual in nature. Therefore, the Court finds that the masturbation videos are inextricably intertwined because they allow the Government to weave a coherent narrative.[3]

Nonetheless, the Court must weigh the probative value of the masturbation videos against their prejudicial nature pursuant to FRE 403. Masturbation is a "sordid" activity and the Court recognizes the inherent prejudicial risk that may be involved in presenting evidence that is sexual in nature to the jury. *See Dream Palace v. Cty. of Maricopa*, 384 F.3d 990, 1018 (9th Cir. 2004). Although there is much evidence tying Defendant to the hard drive, there is far less evidence that can tie him to the hidden folders contained within. In light of the identity

---

[3] Because the Court finds the videos are inextricably intertwined, the Court need not analyze the evidence under the Rule 404(b).

defense Defendant utilized throughout the initial trial, the masturbation videos are particularly probative to effectively connect Defendant to the hidden folders on the hard drive. *See United States v. Curtin*, 489 F.3d 935, 950 (9th Cir. 2007) (en banc) (holding that "[t]he nature of the defense heightened the probative value" of the prosecution's evidence).

Due to the substantial probative value offered by the masturbation videos, the Court will not exclude the evidence despite the risk of prejudice. The Government indicated in its response that the evidence presented in the initial trial was limited to a screenshot depicting thumbnails of the masturbation videos contained within the hard drive. (Resp. 11:8–11). To mitigate the prejudicial effect the masturbation videos may have, the Court will limit the Government's use of the videos to a single screenshot of the thumbnails, as the Government did in the last trial. This limitation will better balance the probative value of the videos with the inherent risk of unfair prejudice due to the content of the material. Accordingly, the Court denies Defendant's Motion in Limine to exclude the masturbation videos, but limits the presentation of this evidence at trial.[4]

### 3. Statements Expressing Attraction to Minors

Defendant next asks the Court to preclude testimony regarding statements he made that insinuate an attraction to minors, specifically: (a) Tony Schneider's ("Schneider's") testimony that Defendant made a joke stating his attraction to Schneider's fifteen-year-old relative; (b) Paula Brown's ("Ms. Brown's") testimony of a statement made by Defendant expressing his attraction to an adult actress portraying a sixteen-year-old; and (c) testimony by Race that she dressed as a school girl during sexual exploits with Defendant. (Mot. in Lim. 11:11–16). Defendant argues that this testimony is inadmissible pursuant to FRE 402, 403, and 404 because the Government enters it solely as propensity evidence and it has a high risk of unfairly

---

[4] The Government's response also discusses videos of Defendant having sexual intercourse with adult women. (*See, e.g.*, Resp. 9:11–12). Because Defendant does not seek to exclude these videos in his motion, the Court will not comment on their admissibility.

prejudicing the jury. (*Id*. 11:1, 12:10–14). Furthermore, Defendant contends that such evidence is irrelevant because "[i]t is an inferential fallacy of ancient standing to conclude that, because members of group A (those who collect child pornography) are likely to be members of group B (those attracted to children), then group B is entirely, or even largely composed of, members of group A." (Mot. in Lim. 12:20–24) (quoting *United States v. Falso*, 544 F.3d 110, 122 (2d Cir. 2008) (internal quotation marks omitted)). The Government counters by citing three out-of-circuit cases in which courts have admitted evidence of attraction to minors in child pornography cases. (Resp. 11:14–20) (citing *United States v. Kapordelis*, 569 F.3d 1291, 1298 (11th Cir. 2009), *United States v. Sebolt*, 460 F.3d 910, 912–16 (7th Cir. 2006), and *United States v. Cross*, 928 F.2d 1030, 1034 (11th Cir. 1991)).

First, regarding Schneider's testimony, Defendant argues that the comment to Schneider regarding his attraction to Schneider's fifteen-year-old relative was a joke, and therefore, it should be precluded as irrelevant under Rule 401 and 402. (Mot. in Lim. 11:17–20). Defendant also argues that Schneider's testimony is irrelevant under *Falso*, a Second Circuit case, standing for the proposition that it is a faulty assumption to argue those who are attracted to children are likely to possess child pornography. (*Id*. 12:16–24). Further, Defendant argues that Schneider's testimony is barred by Rule 404(b)(1) because it is prohibited propensity evidence: "[T]he [G]overnment's only conceivable basis for eliciting this testimony is to show that if [Defendant] made comments about attraction to teenage girls, he is more likely to download child pornography." (*Id*. 12:10–14).

The Court first finds that whether the comment was serious or a joke goes to the weight of the evidence, not its admissibility. *See Wright v. West*, 505 U.S. 277, 296 (1992) (stating that the jury "[a]s the trier of fact was entitled to disbelieve" testimony and "discount" the credibility of a witness). Next, regarding the relevance, Defendant's comment to Schneider stating his attraction to Schneider's fifteen-year-old relative expressly insinuates his attraction

to a minor. Such evidence is relevant for the non-propensity purposes of identity, motive, and absence of mistake, as identified in Rule 404(b)(2).[5] Specifically because identity is a foreseeable defense here, evidence that ties Defendant to the alleged crime wields substantial probative value. *See Curtin*, 489 F.3d at 950 (holding that "[t]he nature of the defense heightened the probative value" of the prosecution's evidence). This testimony demonstrates that Defendant is more likely than his roommates or others who accessed his home to have been the owner of the hard drive and the child pornography contained therein. It is material to prove identity and based on sufficient evidence of non-hearsay testimony. *See Ramirez-Robles*, 386 F.3d at 1242. Further, the Court will not exclude Schneider's testimony under FRE 403 because any unfair prejudice is outweighed by the high probative value. Because identity is at issue here, the Court finds that Schneider's testimony regarding Defendant's attraction to Schneider's minor relative is relevant and admissible under Rule 404(b)(2). Accordingly, the Court denies Defendant's Motion in Limine to exclude Schneider's testimony.

Next, regarding Ms. Brown and Race's identified testimony, the Court finds that the Rule 404(b) analysis is unnecessary because their statements should be excluded pursuant to Rule 402 and 403. Ms. Brown and Race's testimony does not reflect an express interest in minors, demonstrating a lack of relevance and very low probative value. Defendant's remark expressing attraction to an adult actress playing the role of a sixteen-year-old girl offers little probative value because there is no connection to the fictitious character's age and actors often portray characters of a younger age. However, the unfair prejudicial effect of this testimony is high due to the implication of attraction to a minor in a child pornography case. Accordingly, the Court finds that the probative value of Ms. Brown's statement about the actress is

---

[5] Rule 404(b)(1) provides for the prohibited uses of crimes, wrongs, or other act evidence, which "is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." However, Rule 404(b)(2) provides the permitted uses for such evidence that "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."

outweighed by unfair prejudice. Similarly, Race's testimony also fails to show an express attraction to minors. Defendant's sexual proclivities with adult women provide little probative value regarding attraction to minors. Thus, the risk of unfair prejudice outweighs the negligible probative value of Race's consensual adult sexual activities with Defendant. Accordingly, the Court grants Defendant's Motion in Limine in part by excluding Ms. Brown and Race's identified statements pursuant to FRE 403.

### 4. Incest Stories

Lastly, Defendant urges the Court to preclude evidence of incest stories written by Race found within the hidden folders of the hard drive. (Mot. in Lim. 13:12–13). However, for the Court to properly determine the admissibility of the incest stories, Ninth Circuit precedent requires the Court "to have read every word of these stories when exercising its balancing discretion." *Curtin*, 489 F.3d at 950.

> The inflammatory nature and reprehensible nature of these abhorrent stories, although generally relevant, is such that a district court making a Rule 403 decision must know precisely what is in the stories in order for its weighing discretion to be properly exercised and entitled to deference on appeal. We see no other way for a court to make this important decision involving prejudice and redundancy . . . In this context, reliance on an offer of proof simply is not enough.

*Id*. at 957. In *Curtin*, the Ninth Circuit reversed a defendant's conviction because the district court admitted incest stories without fully reading them. *Id*. at 959. Given that neither party has provided the Court with the instant incest stories for review, the Court cannot make a determination at this time. Accordingly, the Court denies Defendant's request to exclude the incest stories evidence until such time as the Court can make a proper determination on admissibility in accordance with established law.

///

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion in Limine, (ECF No. 171), is **GRANTED in part and DENIED in part**, pursuant to the foregoing.

**DATED** this  19  day of April, 2018.

_____
Gloria M. Navarro, Chief Judge
United States District Court