# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:12-cr-00097-GMN-VCF |
| vs. ) | |
| ) | **ORDER** |
| RICHARD CARL BROWN, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is Defendant Richard Carl Brown's ("Defendant's") Motion for Compassionate Release, (ECF No. 216). The Government filed a Response, (ECF No. 218). Defendant did not file a Reply.[1]

Also pending before the Court is the Government's Motion for Leave to File Sealed Exhibit, (ECF No. 219). Defendant did not file a Response.

For the reasons discussed below, the Court **DENIES** the Motion for Compassionate Release and **GRANTS** the Motion to Seal.

## I.    BACKGROUND

On February 15, 2013, a jury found Defendant guilty on all counts of the Indictment: (1) Count One: Advertising Child Pornography in violation of 18 U.S.C. § 2251(d)(1)(A); (2) Count Two: Transporting Child Pornography in violation of 18 U.S.C. § 2252A(a)(1); (3) Count Three: Receipt of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2); and (4) Count Four: Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). (*See* Jury Verdict, ECF No. 91); (*see also* Indictment, ECF No. 1). The Honorable Robert C. Jones sentenced Defendant to 180-months custody as to Counts 1–3, to run concurrently, and 180-

---

[1] Defendant's Counsel also filed a Notice of Non-Supplementation, indicating that no supplementation is necessary. (Notice of Non-Supplementation at 1, ECF No. 217).

months custody as to Count Four, also to run concurrently with Counts 1–3. (*See* J., ECF No. 113). Defendant appealed, and the Ninth Circuit vacated the convictions and remanded for a new trial. (*See* Order on Mandate, ECF No. 136). At the same time, the case was reassigned to the instant Court. (*See id.*).

On May 29, 2018, Defendant pleaded guilty to one count of Receipt of Child Pornography in violation of 18 U.S.C. §§ 2252A(a)(2) and (b); and one count of Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). (*See* Mins. Proceedings, Change of Plea, ECF No. 204); (*see also* Indictment). On September 13, 2018, the Court sentenced Defendant to a total of 100-months custody per count as to Counts 3 & 4, to run concurrently. (*See* Mins. Proceedings, Sentencing, ECF No. 210); (*see also* Am. J., ECF No. 213). Defendant is presently in custody at Federal Correctional Institution ("FCI") Big Spring, and he petitions this Court for compassionate release. (*See generally* Mot. Compassionate Release ("MCR"), ECF No. 216).

## II.  **LEGAL STANDARD**

The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018), authorizes the sentencing court to modify a term of imprisonment in limited circumstances, upon a motion by the defendant. 18 U.S.C. § 3582(c)(1)(A). The sentencing court may order compassionate release, "if after considering the factors set forth in 18 U.S.C. § 3553(a)," the defendant has demonstrated: (1) he has exhausted his administrative remedies; and (2) "extraordinary and compelling reasons" warrant a reduction in his sentence. 18 U.S.C. § 3582(c)(1)(A). The Court must also consider whether a reduction in sentence is consistent with applicable policy statements issued by the United States Sentencing Commission. *Id.* While there is currently no applicable policy statement for § 3582(c)(1)(A) motions filed by a defendant, "the Sentencing Commission's statements in U.S.S.G § 1B1.13," which apply to § 3582(c)(1)(A) motions filed

by the Bureau of Prisons ("BOP"), "may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *United States v. Aruda*, No. 20-10245, 2021 WL 1307884, at *4 (9th Cir. April 8, 2021).  Under U.S.S.G. § 1B1.13, "extraordinary and compelling reasons" include, among other things, age, terminal illnesses, and medical conditions "that substantially diminish[ ] the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." Further, prior to reducing a sentence, U.S.S.G. § 1B1.13 directs courts to determine whether the defendant is a danger to the safety of any other person in the community. *Id.*  The court may also consider "other reasons" including a "reason other than, or in combination with" a reason specifically provided in the Sentencing Guidelines. *Id.*  The decision to grant compassionate release is in the sentencing court's discretion. *See United States v. Wade*, 2:99-cr-00257-CAS-3, 2020 WL 1864906, at *5 (C.D. Cal. Apr. 13, 2020).

### III.  DISCUSSION

The Court begins and ends its analysis with the extraordinary and compelling reasons Defendant proffers for release.  Defendant argues that COVID-19, combined with his underlying health conditions, provides extraordinary and compelling reasons for his release. (*See generally* MCR at 5).  Specifically, Defendant asserts that his lifelong chronic asthma and bronchitis, combined with his mid-diagnosis neurological disorder, requires special medical care that the Bureau of Prisons ("BOP") cannot easily provide. (*Id.*).  He thus requests compassionate release to home confinement for his safety and so that he can properly address his medical issues. (*Id.*).

Defendant, however, has received the Moderna vaccination for COVID-19, which has approximately 94.1% efficacy. (*See* Sealed Ex. 1 to Govt's Resp., ECF No. 220).  The Centers for Disease Control have advised that the vaccine effectively protects individuals against serious health outcomes from the virus. *See* Centers for Disease Control, COVID-19: Moderna,

https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines/Moderna.html (last updated August 19, 2021).  The Government argues, and the Court agrees, that Defendants' Motion should be denied because of his vaccination status. *See also United States v. Thompson*, No. 2:16-cr-00230-GMN-DJA-1, 2021 U.S. Dist. LEXIS 106217, at *4 (D. Nev. June 7, 2021) (similarly denying a Motion for Compassionate Release due to the defendant's vaccination status).  Accordingly, the Court denies Defendant's Motion for Compassionate Release.

V. **CONCLUSION**

**IT IS HEREBY ORDERED** that Defendant's Motion for Compassionate Release, (ECF No. 216), is **DENIED**.

**IT IS FURTHER ORDERED** that the Government's Motion for Leave to File Sealed Exhibit, (ECF No. 219), is **GRANTED**.[2]

Dated this  8  day of October, 2021.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT

---

[2] The Exhibit contains Defendant's confidential medical records.  Accordingly, the Court finds good cause to seal the record.